Andrew **ALFEREZ**, By and Through his next-of-friend and mother, Maria **CALDERON**, and all others similarly situated, Plaintiff,

v.

Rochelle **CHRONISTER**, in her official capacity as Secretary of Social and Rehabilitation Services of Kansas; State of Kansas; and Kansas Department of Social and Rehabilitation Services, Defendants.

No. 98–1385–WEB.

United States District Court, D. Kansas.

Feb. 3, 1999.

---

[black redaction bar]

LaDessa M. de la Cruz, DeLaCruz & Doran, Andrew Alferez, Wichita, KS, Amalia S. Rioja, Mexican American Legal Defense and Educational Fund, Chicago, IL, for Plaintiff.

Bruce A. Roby, Waggener, Arterburn & Standiferd, Topeka, KS, Carl W. Ossmann, Alan D. Hughes, Social & Rehabilitation Services, Topeka, KS, for Defendants.

### *Memorandum and Order*

WESLEY E. BROWN, Senior District Judge.

This matter is before the court on the defendants' motion to dismiss the first amended complaint. An answer and a reply have been filed. The court finds that additional oral argument would not assist in deciding the issues presented.

### I. *Facts.*

This action arises out of a "child in need of care" proceeding initiated by the Kansas Department of Social and Rehabilitation Services ("SRS") in the Eighteenth Judicial District of the State of Kansas. The first amended complaint alleges that plaintiff Andrew Alferez, an infant, will likely be removed from the care and custody of his natural and biological mother, Maria Calderon, as a result of the proceeding in state court. Doc. 17 at ¶ 19. Plaintiff alleges that the removal is the result of unconstitutional policies or practices employed by SRS. The allegedly unlawful practices include investigating and considering as dispositive factors for parental fitness such matters as the citizenship status of parents "who appear to be 'foreign born,'" whether or not the parents have married each other, and whether or not the mother invokes her fundamental right

not to use birth control. *Id.* at ¶¶ 17–18. Plaintiff alleges that the defendants' policies are unlawful because they are preempted by Congress' plenary power to regulate immigration. Plaintiff further alleges that the defendants have violated his rights to equal protection and substantive due process, as well as a right to be free from discrimination under Title VI (42 U.S.C. § 2000d *et seq.*). Plaintiff seeks a declaration that these policies and practices are unlawful and an injunction prohibiting the defendants from employing these practices in connection with state child-in-need-of-care proceedings. Doc. 17 at Pp. 14–15.

### II. *Discussion.*

Defendants argue the case should be dismissed because plaintiff has failed to state a claim, because the action is barred by the Eleventh Amendment, and because the court should abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See* Doc. 21.

Even assuming that the first amended complaint states claims upon which relief can be granted,[1] and that the court has jurisdiction over such claims, the court nevertheless concludes it should abstain from exercising jurisdiction in this case. The principles set forth in *Younger v. Harris*, supra, and *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) make clear that abstention is the appropriate course in view of the pending child in need of care proceeding in state court.

[black bar] "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43, 91 S.Ct. 746 (1971). "The *Younger* doctrine, which counsels federal court abstention when

---

1. The court assumes without deciding that counts 1–4 of the first amended complaint state a claim for relief. As to Count 5, however, the court agrees with the defendants that plaintiff has failed to state a claim. The complaint does not allege that plaintiff was discriminated against "under a program or activity" receiving federal financial assistance, *cf.* 42 U.S.C. § 2000d, nor does it identify any such program or activity.

there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims,* 442 U.S. 415, 423, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). Although *Younger* itself involved a criminal case, the "policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). In *Moore v. Sims, supra,* the Court recognized that family relations, including disputes concerning child custody, are a traditional area of state concern. *Moore,* 442 U.S. at 435, 99 S.Ct. 2371. Because of this, the Court held that a federal district court should not have exercised jurisdiction over a suit challenging the constitutionality of the Texas Family Code, pursuant to which the plaintiffs' child was taken into state custody, because there was an ongoing state custody proceeding and the plaintiffs had an adequate opportunity to present their federal constitutional claims in state court. *Id.* at 425–27, 99 S.Ct. 2371.

▮ The prerequisites for *Younger* abstention are: (1) an ongoing state judicial (or in a proper case administrative) proceeding; (2) the presence of an important state interest; and (3) an adequate opportunity to raise federal claims in the state proceedings. *Seneca–Cayuga Tribe of Okla. v. Oklahoma,* 874 F.2d 709, 711 (10th Cir.1989) (*citing Middlesex County,* 457 U.S. at 432, 102 S.Ct. 2515). If these elements are satisfied, *Younger's* applica-

tion is mandatory, "absent extraordinary circumstances that render a state court unable to give state litigants a full and fair hearing on their federal claims." *Id.* at 711.

▮ The elements of *Younger* are clearly satisfied here. All of plaintiff's claims relate to the subject of the pending child in need of care petition in state court. That case involves important state interests in family relations and child welfare. The fact that there may be no allegations of physical abuse in this case, as there were in *Moore,* does not mean that the state's interests here are insignificant. Nothing in *Moore* suggests that child custody proceedings not involving physical abuse are outside the scope of *Younger.* The court concludes that the state's interests in this case warrant abstention. *Cf. Morrow v. Winslow,* 94 F.3d 1386, 1397 (10th Cir. 1996) ("The state ... obviously has an interest in the orderly conduct of the proceedings in its courts in a manner which protects the interests of the child and the family relationship."). As for the third element, plaintiff cites nothing to suggest the presence of any barrier to his raising these constitutional challenges in the state proceeding.[2]

Plaintiff has likewise failed to show that any of the exceptions to *Younger* abstention are present. He argues that the state action was undertaken in bad faith and is motivated by a desire to harass him and his family, and that there are extraordinary circumstances warranting the exercise of jurisdiction. These arguments are unsupported by specific allegations, however, that could reasonably give rise to an inference of such harassment or bad faith.[3]

2. Nothing in the record suggests that plaintiff has attempted to raise these arguments in the state proceeding. A ruling based on state statutory or constitutional law, however, might render moot the federal constitutional questions. As the Supreme Court has noted, Younger abstention "offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests." *Moore,* 442 U.S. at 429–430, 99 S.Ct. 2371.

3. Plaintiff's Response Brief asserts in a footnote that "SRS employees ... have harassed Plaintiff and his mother, without any probable cause." Doc. 24 at p. 24, n. 8. Such vague and conclusory allegations are insufficient to overcome application of *Younger.* Plaintiff also asserts that SRS is seeking home placement, which, according to plaintiff, is evidence that the petition was brought in bad faith. This fact alone, however, will not support a claim of bad faith.

The court concludes that plaintiff has not shown the presence of exceptional circumstances taking this case outside of *Younger. Cf. Moore*, 442 U.S. at 432, 99 S.Ct. 2371 (rejecting argument that the conduct of child custody proceedings evidenced bad faith or harassment).

The Supreme Court stated in *Moore:* "We are unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation." *Id.* at 435, 99 S.Ct. 2371. In this matter the court likewise concludes that the state courts are capable of addressing the constitutional questions presented by plaintiff.

### III. *Class Action.*

██ The first amended complaint alleges that the matter is appropriately brought as a class action pursuant to Fed.R.Civ.P. 23(b)(2). *See* Doc. 17 at ¶ 10. In view of the ruling set forth above, however, the court determines that the matter is not an appropriate one for class action determination.

### IV. *Conclusion.*

The court declines to exercise jurisdiction over the dispute. Accordingly, the defendants' Motion to Dismiss (Doc. 21) is GRANTED. The dismissal is without prejudice. IT IS SO ORDERED this 3rd day of February, 1999, at Wichita, Ks.